OPINION
The State of Ohio appeals from the decision of the Montgomery County Common Pleas Court wherein the court suppressed crack cocaine found at the time of the arrest of Susan Lemanski-Jester. Ms. Lemanski-Jester was indicted for possessing crack cocaine in violation of R.C. 2925.11(A).
The evidence developed at the suppression hearing was set out by the trial court in its decision and is not in dispute.
 At approximately 1:30 a.m. on April 27, 1999, Officer Via was patrolling North Keowee Street en route to Third Street. He was in uniform in a marked cruiser. While he was driving, he noticed Defendant, Ms. Lemanski-Jester step off the sidewalk on the opposite side of the street and begin making her way across the street. When she was approximately one-third of the way across, she turned around and walked back. Ms. Lemanski-Jester was located in between the intersection of North Keowee and Webster which has a traffic signal device and a crosswalk, and the intersection of North Keowee and Chapel which does not have a traffic control signal or a crosswalk.
 At this point, Officer Via made a U-turn on North Keowee, pulled up alongside the Defendant, asked for her social security number and advised her that she was jaywalking. Officer Via pulled into a nearby parking lot to write out the violation. As he was writing, he noticed the Defendant put her left hand behind her back. Officer Via was immediately concerned for his safety and asked the Defendant to keep both hands in front of her. She then placed her hands on the driver's side windowsill of the cruiser.
 Officer Via noticed that the Defendant's hands were shaking visibly and asked her why they were shaking so badly. The Defendant did not reply orally but proceeded to place her hands in her pocket. At that point, Officer Via, fearing for his safety, stepped out of his cruiser and attempted to take control of the Defendant's arms. Ms. Lemanski-Jester was clutching something in her left hand which Officer Via discovered to be a five-inch bladed knife.
 Subsequently, Officer Via placed the Defendant under arrest for carrying a concealed weapon. Defendant was searched following her arrest for carrying a concealed weapon, at which time Officer Via found crack cocaine on her person.
In granting the defendant's suppression motion, the trial court noted that Officer Via's initial stop of the defendant was based on a mistake of law and therefore the evidence obtained after the stop must be suppressed. The trial court then explained its reasoning.
 Specifically, Officer Via stopped the Defendant because he believed that she had just violated City of Dayton Ordinance Section 75.02 which governs pedestrians' use of walkways. Part A of that section states, "Where usable walks or paths parallel a street or highway, pedestrians shall not travel in, along, or on the vehicular traveled portion of such street or highway, except to cross the roadway in the manner provided by law." Officer Via believed that the Defendant should have walked up to the crosswalk at the intersection of North Keowee Street and Webster Street in order to cross North Keowee.
 However, City of Dayton Ordinance Section 75.05 governs the yield of right-of-ways by pedestrians. Part (A) of this section provides as follows: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles, trackless trolleys, or streetcars upon the roadway." It is clear from facts presented at the hearing that Ms. Lemanski-Jester yielded the right-of-way to any and all vehicles on the roadway. Officer Via testified that his was the only vehicle on the road at the time, and the Defendant did not cross in front of him.
 Section 75.05(C) does mandate that any pedestrian between two adjacent intersections at which traffic control signals are in operation must use a crosswalk to cross the street. However, Ms. Lemanski-Jester was between adjacent intersections, only one of which had a traffic control device in operation. Accordingly, Section 75.05(A) applies, and Defendant's motion is well-taken.
In its sole assignment of error, the State argues the trial court erred in granting the defendant's motion because Officer Via reasonably believed that the defendant had jaywalked. In support of its argument, the State cites this court's opinion in State v.Williams (November 21, 1997), Montgomery App. No. 16306, unreported. Williams was arrested for jaywalking in violation of R.C.G.O. 75.02 when he could not provide satisfactory evidence of his identity. Williams was subsequently charged with drug abuse when police found crack cocaine on his person after his arrest. The trial court suppressed the cocaine because the trial court concluded that Williams had not jaywalked in violation of R.C.G.O. 75.02 and thus the initial stop was unlawful.
In reversing the trial court this court said the following:
 An officer's observation of conduct which demonstrates a criminal offense presents probable cause to arrest the offender. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 665 N.E.2d 1091; Whren v. United States (1996), 517 U.S., ___ S.Ct.___, 135 L.Ed.2d 89. Whether the officer was, in fact, correct in believing that an offense was demonstrated by the conduct the officer observed does not resolve the probable cause inquiry. Rather, the question is whether a reasonable officer, confronted with the same facts and circumstances, would arrive at that belief. The officer is not required to have a particular codified offense or its terms in mind so long as the officer reasonably believes that the conduct observed constitutes a particular form of offense.
 The trial court found that Officer Fogle "considered" Williams' conduct to demonstrate a violation of R.C.G.O. 75.02, and that the officer "believed that the Defendant was guilty of jaywalking." Those are subjective determinations. The "reasonable officer" standard is objective, requiring the court to determine whether the belief at which the officer arrived was objectively reasonable under the circumstances. Because the trial court did not apply that standard in resolving the motion to suppress, the State's assignment of error is sustained. The order from which the appeal is taken will be reversed and the case remanded for further proceedings on the motion to suppress. (Emphasis ours).
 It is clear that Officer Via was required to have articulable suspicion to believe the defendant had jaywalked prior to his stopping her since the stop was a seizure. Terry v. Ohio (1968), 392 U.S. 1. It is also clear that the detaining officer must have a particularized and objective basis for suspecting the person stopped of unlawful activity. United States v. Cortez (1981), 449 U.S. 411. In Ornelas v. United States (1996), 517 U.S. 690, the United States Supreme Court held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed "de novo" on appeal.
The facts are not in dispute in this case. The defendant was clearly not jaywalking when she started to cross North Keowee Street. No "objectively reasonable" police officer should have concluded otherwise. The trial court properly found that Officer Via's stop of the defendant was unlawful and thus the trial court properly suppressed the evidence which was a product of that unlawful action. The State's assignment of error is therefore overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Cheryl A. Ross
Anthony R. Cicero
Hon. Barbara P. Gorman